UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No. 1:07-CR-861-1 |
| ) | |
| ROGELIO RAMIREZ-ZAMORA ) | Judge David H. Coar |
| ) | |

**DEFENDANT ROGELIO RAMIREZ-ZAMORA'S
SENTENCING MEMORANDUM**

Defendant, Rogelio Ramirez-Zamora, by and through his attorney, Anthony L. Schumann, respectfully submits this Sentencing Memorandum in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment as required by 18 USC §3553(a) in light of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). Defendant states as follows:

### I. PROCEDURAL BACKGROUND

On March 24, 2008, Defendant appeared before this Court, withdrew his plea of not guilty, and pursuant to a non-binding written plea agreement entered a plea of guilty to a single count indictment. According to paragraph 10 of the written plea agreement, at the time of sentencing the government will recommend a sentence within the advisory guideline range.

### II. POST-BOOKER SENTENCING CONSIDERATIONS

The Court is no doubt aware of the broad ramifications of <u>United States v. Booker</u> for this proceeding. The sentencing guideline range is no longer binding on the Court, but is only one of five factors to be considered in determining the sentence. *Booker*, 125 S.Ct. at 764-65. The other four factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentence available; (3) the need to avoid

unwarranted sentencing disparity; and (4) the need to provide restitution. *Id.*; 18 U.S.C. § 3553(a)(1), (a)(3), (a)(6)-(7).

In considering the Section 3553(a) factors, the sentencing guidelines are to be given no more or less weight than any other factor.  The Seventh Circuit has said that district judges must engage in a two-step sentencing process: (1) they must calculate the advisory guideline range, resolving any disputed guideline issues; and (2) they must then consider the §3553(a) factors to decide whether to impose a sentence within the range or outside the range.  *United States v. Robinson*, 435 F.3d 699, 701 (7th Cir.2006).  Under Supreme Court and Seventh Circuit law, district judges cannot simply consider the guideline range and have that be the end of the inquiry.  Instead, they are also *required* to consider the §3553(a) factors.  *See United States v. Vaughn*, 433 F.3d 917, 924 (7th Cir. 2006) ("[T]here must be sufficient indication that [the district court] considered the §3553 factors relevant to the calculation of the defendant's sentence.")  "[T]he sentencing judge may not rest on the guidelines alone, but must, if asked by either party, consider whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors." *United States v. Cunningham*, 429 F3d 673, 676 (7th Cir.2005); *see also United States v. Dean*, 414 F.3d 725, 728 (7th Cir.2005) ("[N]ow that [the guidelines] are advisory, while section 3553(a) remains unchanged, judges will have to consider the factors that the section tells them to consider.").  The sentencing judge has considerable discretion to individualize the sentence to the offense and the offender as long as the judge's reasoning is consistent with § 3553 (a). *U.S. v. Wachowiak* 496 F3d 744, 748 (7th Cir.2007).  "[T]he sentencing statutes envision both the sentencing judge and the [Sentencing] Commission as carrying out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." *Rita v. United States*, --- U.S. ---, 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203 (2007).

Perhaps even more important, however, is that *Booker* establishes a new, independent limit on the sentence that may be imposed. The primary sentencing mandate of Section 3553(a) states that courts must impose the minimally-sufficient sentence to achieve statutory purposes of punishment – justice, deterrence, incapacitation, and rehabilitation:

> The court shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in [18 U.S.C. §3553(a)(2)].

18 U.S.C. § 3553(a) (emphasis added).

### III. ADVISORY GUIDELINE RANGE

U.S. Probation states that the factual findings and guideline calculations are consistent with those determined by the parties in the plea agreement except with reference to the criminal history category. Pursuant to the plea agreement, Zamora has a calculated criminal history category of IV. However, probation has determined Zamora's criminal history category to be VI, based on a total history score of 16.

Based on a total offense level of 9 and a criminal history category of VI, the guideline range for imprisonment is 24 to 30 months.

### IV. SENTENCING ANALYSIS

In *Booker*, one majority of the Supreme Court held that the Sentencing Reform Act (SRA) violated the Sixth Amendment. A second majority remedied this unconstitutionality by excising § 3553(b)(1), the provision of the SRA that made the Federal Sentencing Guidelines mandatory, and by excising the appellate review provision, § 3742(e). These excisions made the guidelines advisory and rendered the remainder of the SRA constitutional.

After *Booker*, § 3553(a) is the law governing sentencing at the district court level (while "reasonableness" is the standard of review on appeal). *United States v. Booker*, 543 U.S. 220, 259-61 (2005). Judges must independently evaluate the client's case in light of the purposes of

sentencing, including the need for just punishment, the need to protect the public, the need for deterrence, and the defendant's needs for treatment and rehabilitation, and must impose the sentence that is "sufficient but not greater than necessary" to satisfy these purposes. 18 U.S.C. § 3553(a); *Booker*, 543 U.S. at 259-60. In determining the minimally sufficient sentence, courts are required to consider the factors set forth at § 3553(a)(1) & (3)-(7). The guidelines are simply one of these factors. *Id.* at 259-60.

        A.        **Sentencing Courts Are Always Required to Consider the § 3553(a) Factors.**

The Seventh Circuit has said that district judges must engage in a two-step sentencing process: (1) they must calculate the advisory guideline range, resolving any disputed guideline issues; and (2) they must then consider the § 3553(a) factors to decide whether to impose a sentence within the range or outside the range. *United States v. Robinson*, 435 F.3d 699, 701 (7th Cir. 2006). Under Supreme Court and Seventh Circuit law, district judges cannot simply consider the guideline range and have that be the end of the inquiry. Instead, they are also *required* to consider the § 3553(a) factors. *See United States v. Vaughn*, 433 F.3d 917, 924 (7th Cir. 2006) ("[T]here must be sufficient indication that [the district court] considered the § 3553 factors relevant to the calculation of the defendant's sentence."). "[T]he sentencing judge may not rest on the guidelines alone, but must, if asked by either party, consider whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors." *United States v. Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005); *see also United States v. Dean*, 414 F.3d 725, 728 (7th Cir. 2005) ("[N]ow that [the guidelines] are advisory, while section 3553(a) remains unchanged, judges will have to consider the factors that the section tells them to consider."). However, "the need for a judge to explain in detail his consideration of the § 3553(a) factors when choosing to stick with the guidelines is proportional to the arguments made by the

defendants. When the judge is not presented with much, he need not explain much." *United States v. Spano*, 447 F.3d 517, 519 (7th Cir. 2006) (citations omitted).

**It is not enough for a judge to merely recite the 3553(a) factors.** *Cunningham*, 429 F.3d at 679. The judge must also conduct some analysis of how those factors apply to the facts, and explain why a particular sentence is appropriate under § 3553(a). *Id*. at 675-76. The judge must give "an adequate statement of . . . reasons" for imposing a given sentence, *Dean*, 414 F.3d at 729, and those reasons must be "logical and consistent with the factors set forth in section 3553(a)," *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005). If the judge's "application of those factors to the facts of the case" is unreasonable, the Seventh Circuit will reverse. *Vaughn*, 433 F.3d at 924.

      B.      **"Reasonableness" Is Not Sentencing Standard in the District Court"**

Moreover, as the United States Supreme Court recently concluded, district courts are not permitted to presume that a sentence within the guidelines range is the correct sentence. <u>Rita v. United States,</u> 551 U.S. __, 127 S.Ct. 2456, 2465 (2007). Rather, a district court must consider the applicability of the guidelines in conjunction with all other evidence and arguments supporting a sentence outside the range. <u>Id.</u> The <u>Rita</u> Court explained:

> We repeat that the presumption before us is an appellate court presumption. Given our explanation in *Booker* that appellate "reasonableness" review merely asks whether the trial court abused its discretion, the presumption applies only on appellate review. The sentencing judge, as a matter of process, will normally begin by considering the presentence report and its interpretation of the Guidelines. He may hear arguments by prosecution or defense that the Guidelines sentence should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which

the Commission intends individual Guidelines to apply, USSG *§5K2.0,* perhaps because the Guidelines sentence itself fails properly to reflect *§3553(a)* consideration, or perhaps because the case warrants a different sentence regardless. Thus, the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure. In determining the merits of these arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply. <u>Rita,</u> *127 S.Ct. 2456, 2465 (citations omitted).*

Determining whether a guideline sentence is reasonable, therefore, is not the appropriate analysis in the district court. Rather, *§3553(a)* is, as the Seventh Circuit has held, " a directive to the sentencing court." <u>United States v. Cuningham</u>, *429 F.3d 673, 676 (7th Cir. 2005).* "Reasonableness" is simply the standard of review that operates on appeal. <u>Id</u>. If, for example, a district court decides to impose a sentence within the properly calculated guideline range, then the Seventh Circuit will grant the sentence a rebuttable presumption of reasonableness on appeal. See, <u>United States v. Mykytuik</u>, *415 F.3d 606, 608 (7th Cir.2005)*. But there is no presumption of "unreasonableness" for a sentence outside of the guidelines. <u>United States v. Jordan</u>, *435 F.3d 693, 698 (7th Cir.2005).*

That the Seventh Circuit will not consider a below guideline sentence presumptively unreasonable was made clear in <u>United State v. Ngatia</u>, *477 F.3d 496 (7th Cir.2007).* In <u>Ngatia</u>, the Seventh Circuit upheld a sentence more than 100 months below the guidelines range based on findings that the defendant had made efforts at post offense rehabilitation while incarcerated, and based on evidence of good character. Id. The district court concluded that a below guidelines sentence was warranted because the defendant has made attempts to rehabilitate herself in prison after her arrest, and the statements of the defendant and her family and friends reflected her good

character. The district court also noted that the defendant's incarceration has not incapacitated the smuggling operation, as it continued after she was arrested. *Id., at 502.*

In affirming the sentence 100 months below the guidelines range and concluding that the district court's finding were sufficient to support such a sentence, the Seventh Circuit explained that where a district court sees fit to go outside of the guidelines, it must justify its decision in order to provide the appellate court with a basis upon which to review the reasonableness of the sentence. *Id., at 502.* The Seventh Circuit held, however, that "the district court's choice of sentence, whether inside or outside the guidelines range, is discretionary and subject therefore to only light appellate review." *Id., at 501-02,* citing, United States v. Demaree, 459 F.3d 791, 795 (7th Cir.2006) *(Emphasis added).*

    C.    **Post-*Booker* Sentence Reductions Are Not Limited By Restrictive Guideline Language or Case Law.**

After *Booker*, judges are no longer limited by the warnings within the guidelines that discourage or prohibit certain facts from consideration. Congress has clearly stated that "*[n]o limitation* shall be placed on the information concerning the background, character, and conduct" of the client at sentencing. 18 U.S.C. § 3661. *Booker* itself cites this section of the SRA. *Booker*, 543 U.S. at 251. Therefore, even if the guidelines say that a judge cannot give a traditional downward departure for lack of guidance as a youth, § 3661 authorizes a post-*Booker* sentence reduction based on this exact same fact, as long as such a reduction furthers one of the § 3553(a) purposes of sentencing.

Moreover, judges are no longer limited by all of the pre-*Booker* case law restricting and limiting traditional downward departures. "[A]fter *Booker* what is at stake is the reasonableness of the sentence, not the correctness of the 'departures' as measured against pre-*Booker* decisions that cabined the discretion of sentencing courts to depart from guidelines that were then

mandatory." *United States v. Johnson*, 427 F.3d 423, 426 (7th Cir. 2005). In addition, a sentence that would not have been appropriately reached by a departure before *Booker* may nevertheless be a reasonable sentence after *Booker*. *See Castro-Juarez*, 425 F.3d 430, 436 (7th Cir. 2005). (Of course, *Castro-Juarez* involved a sentence above the guideline range, but it can be used to argue that a sentence that would not have been appropriately reached by a downward departure before *Booker* may now be a reasonable sentence.).

   D. **A Pure Guideline Sentence May Neglect A Number of § 3553(a) Factors.**

If district judges simply impose guideline sentences, they may violate the Supreme Court's and Congress's directives and neglect significant 3553(a) factors that are not taken into account by the guidelines. The Sentencing Commission itself admits that it did not base the offense levels or the sentencing table on the § 3553(a) requirement to impose the minimally sufficient sentence, or on the purposes of punishment in § 3553(a). *See* U.S.S.G. § 1A1.1, Part A (explaining that choosing among the different purposes of criminal punishment "would be profoundly difficult"). Instead, the Sentencing Commission explains, it based its sentencing scheme on a survey of past sentencing practices. *See id*. ("[T]he Commission has sought to solve both the practical and philosophical problem of developing a coherent sentencing system by taking an empirical approach."). A guideline sentence also does not necessarily take into account the client's history and characteristics, many mitigating circumstances of the offense, or the need to provide restitution to victims, among other things.

   E. **After *Booker*, a Client's History and Characteristics Can Justify a Reduced Sentence.**

The Seventh Circuit recently confirmed in *United States v. Baker*, 445 F.3d 987 (7th Cir. 2006), that a client's history and character are relevant at sentencing and may alone be grounds for a reduced sentence, if such a sentence meets the § 3553(a) purposes of punishment. The court

held that Baker's history of employment, educational background, religious background and youth all justified a reduced sentence, because "[t]he court's consideration of these facts . . . coincides with the sentencing factors specified in § 3553(a)." *Id.* at 992. *Baker* means that a reduced sentence may also be justified by other aspects of the client's history, such as the client's responsibilities to children or sick relatives, the client's traumatic childhood, any abuse the client suffered as a youth, and the client's mental health. The Seventh Circuit has also held that after *Booker*, a judge may give factors relevant to a client's *character*, such as the client's positive contributions to the community, "more weight than the Guidelines themselves would have allowed." *United States v. Rose*, 435 F.3d 735, 737 (7th Cir. 2006).

Courts must give defendants the "opportunity to draw the judge's attention to any factor listed in section 3553(a) that might warrant a sentence different from the guidelines sentence." *United States v. Dean*, 414 F.3d 725, 730 (7th Cir.2005). In entering the sentence, the judge must consider the sentencing factors in § 3553(a), *United States v. Re*, 419 F.3d 582, 583 (7th Cir.2005), and "articulate the factors that determined the sentence that he has decided to impose," *Dean*, 414 F.3d at 729. Explicit fact finding on the factors influencing a decision to exceed the guidelines range is required where a particular fact is contested and "may be decisive to the choice of sentence." *Dean*, 414 F.3d at 730.  The concept of "departures" has been rendered obsolete in the post-*Booker* world. *See United States v. Johnson*, No. 04- 1463, 2005 WL 2592218, at *3 (7th Cir. Oct. 14, 2005). Instead, "what is at stake is the reasonableness of the sentence, not the correctness of the 'departures' as measured against pre-*Booker* decisions that cabined the discretion of sentencing courts to depart from guidelines that were then mandatory." *Id.* (citing *United States v. Castro-Juarez*, 425 F.3d 430, 432 (7th Cir.2005) ("the question ... is ultimately the reasonableness of the sentence the district court imposed, not the court's

application of a guideline authorizing an upward departure"). Now, instead of employing the pre-*Booker* terminology of departures, we have moved toward characterizing sentences as either fitting within the advisory guidelines range or not. *Id.* (citing *Dean*, 414 F.3d 725, 729 (7th Cir.2005)).

"The sentencing judge must consider the factors set forth in 18 U.S.C. § 3553(a), including the applicable Guidelines range *and available departure authority*." *United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005) (emphasis added) (citing *United States v. Crosby*, 397 F.3d 103, 111-12 (2d Cir.2005)); *see also United States v. Fuller*, 426 F.3d 556, 562 & n.6 (2d Cir. 2005); *United States v. Barrero*, 425 F.3d 154, 156 (2d Cir. 2005).

## VI. SENTENCING MEMORANDUM

Mr. Zamora urges this Court to sentence him below the advisory guideline range, by determining the appropriate sentence in light of the factors set forth in 18 U.S.C. § 3553(a). In doing so, this Court should of course consider the guideline range, as it must do under *Booker*, 543 U.S. at 264 ("The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing"). It should then reject that range as unreasonably high.

### A.   The § 3553(a) Factors Counsel Against Sentencing Within the Guideline Range.

Since *Booker*, the guideline range is but one factor of many to be considered under 18 U.S.C. § 3553(a). *See Booker*, 543 U.S. at 249 (relying on § 3553(a)(1)'s text stating that court will consider "the nature and circumstances of the offense and the history and characteristics of the defendant.");  see also *United States v. Ranum*, 353 F. Supp. 2d 984, 985 (E.D. Wis. 2005) (Adelman, J.)

### B.   The "Parsimony Provision"

18 U.S.C § 3553(a) requires courts to "impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph (2)." 18 U.S.C § 3553(a) (West 2003) (emphasis added); *see also Ranum*, 353 F. Supp. 2d at 986 & n.1. This has come to be known as "the parsimony provision." *See United States v. Jimenez-Beltre*, 440 F.3d 514, 525 & n.8 (1st Cir. 2006).

Commentators note that this provision, which was originally part of the House sentencing reform bill and was later added to the Senate resolution and adopted in committee, "is not just another 'factor' to be considered along with others set forth in Section 3553(a)—it sets an independent limit on the sentence a court may impose." David L. Mccolgin & Brett G. Sweitzer, *Grid & Bear It*, 29 Champion 50, 50 (2005); *see also United States v. Foreman*, 436 F.3d at 644 n. 1 (6th Cir.2006) ("[A] district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2).") (quoting 18 U.S.C § 3553(a)); Richard S. Frase, Punishment Purposes, 58 Stan. L. Rev. 67, 83 (2005) (stating that "the structure of section 3553(a)," which lists the parsimony principle first, suggests that this principle "set[s] overall limits on the crime-control and other purposes which follow")

The parsimony provision requires courts to impose the minimum necessary to accomplish the purposes enumerated in paragraph (2). Paragraph (2) lists those purposes as:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2) (West 2005). These purposes, of course, substantially correspond to the four traditional goals of criminal punishment: retribution, deterrence, incapacitation, and rehabilitation.

**1.    Defendant's Criminal History Category Over-Represents the Seriousness of his Criminal History.**

Defendant's criminal history category pursuant to U.S. Probation is VI.  This criminal history category over-represents his criminal history both in relation to the advisory sentencing guidelines and § 3553(a)(2).  Defendant received three criminal history points for traffic and criminal offenses that occurred over 12 years ago.  PSR, page 5 lines 111 and 122.  Defendant received another criminal history point for a misdemeanor criminal offense that occurred approximately 11 years ago and involved a domestic dispute with a former girlfriend.  PSR, page 6 line 146.  In 2006, Defendant plead guilty to misdemeanor offenses that occurred in 2002 and received 1 criminal history point.  PSR, page 8 line 171.  Most recently, Defendant was arrested for domestic battery in a dispute with his wife.  His wife, days later informed the police that Defendant was in possession and had been using of fraudulent identification cards.  Defendant received a total of 4 criminal history points due to the arrests and convictions being treated separately.

As a result of the above, Defendant's total calculated criminal history points are 16 and establishes a criminal history category of VI.  The reliable information provided in the PSR indicates that the Defendants criminal history category substantially over-represents the seriousness of Defendants criminal history and furthermore results in a guideline range that is more than necessary to achieve a minimum sentence necessary to accomplish the purposes of § 3553(a)(2).

**2.    The Court Should Consider Time Defendant Spent in State Prison and The Arbitrary Delay in Charging Him With This Offense.**

According to both the PSR and the Plea Agreement on August 14, 2007 ICE authorities found the Defendant present in the United States, serving sentences in the Will County Jail. PSR, page 2 line 40. However, Defendant was not arrested until after he was paroled to ICE custody on December 10, 2007. This arbitrary delay in charging him with the present offense and sentencing, results in Defendant loosing the opportunity to reduce his total time in custody and to serve more of his state term of imprisonment concurrent with his federal term of imprisonment. Therefore, the Court should consider the arbitrary delay and sentence and now impose a sentence below the advisory guideline range. A sentence below the advisory guideline range is required in order to avoid disparate treatment of similarly situated Defendants and to achieve a minimum sentence necessary to accomplish the purposes of § 3553(a)(2).

As the parsimony provision commands, this Court should impose the *minimum* sentence necessary to accomplish the rehabilitative and other purposes of criminal punishment.

## VI. CONCLUSION

For the reasons discussed above, Defendant Rogelio Ramirez-Zamora respectfully requests that this Court impose a sentence sufficient but not greater than necessary to achieve the statutory purposes of punishment-justice, deterrence, incapacitation, and rehabilitation pursuant to 18 U.S.C. § 3553(a).

                                       Respectfully submitted,
                                       Rogelio Ramirez-Zamora,

By:   */s/ Anthony L. Schumann*
       ANTHONY L. SCHUMANN

Anthony L. Schumann
Grant Schumann, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
T: (312) 551-0111
F: (312) 551-0112